UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL OUTLAW** | **CIVIL ACTION NO. 5:17-CV-1275** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN RACHAL, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se complainant Michael Outlaw, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 4, 2017. Plaintiff is currently incarcerated at the David Wade Correctional Center (DWCC). He names the following as defendants: Warden Rachal, Paula Millwee, Dr. Fuller, Dr. Hearn, Unknown Nurse and Unknown Medical Staff. He seeks compensatory damage and injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is a DOC inmate incarcerated at the DWCC who alleges he has sustained a back injury due to the living conditions in extended lock down.

He complains that when the nursing staff responds to his sick calls in extended lock down, they bring no equipment, there is no examination outside of the cell, only screening from behind bars.

On August 29, 2016, after more than a year of sick complaints and grievances filed, plaintiff

was examined by Dr. Fuller. After explaining to Dr. Fuller that his pain was a "current off and on situation," Dr. Fuller told him that he had normal back pain like everybody else and sent him back to his cell. Plaintiff alleges that Dr. Fuller falsely documented his medical records to state that he instructed plaintiff to exercised and take Tylenol, although he concedes that he cannot prove this.

After he was seen by Dr. Fuller, he continued to make sick calls regarding his back pain and on January 8, 2017, he was referred to Dr. Hearn who found his "examination results negative." [Rec. Doc. 1, p. 5] She prescribed anti-inflammatory medication for 30 days. However, she denied his request for an x-ray and pet scan. Plaintiff asserts that she showed "poor attitude" concerning his medical needs and did not schedule a follow-up regarding his medication or health status. *Id.* at p. 6.

Days after seeing Dr. Hearn, he made several sick calls. He has since been seen by different nurses on different occasions. He complains that they have become "tired" of his sick call complaints. *Id.* Medical has made no new recommendations for new solutions or other options regarding his pain. He contends that it is "evident to see medical is going by the least inexpensive way in treating me for back pain and are deliberated indifference to inmate serious medical needs. By repeating the same recommendation that doesn't relieve pain and suffering at least temporarily." *Id.*

He asks this Court to order an x-ray and cat scan, to refer him to an outside hospital, to be re-evaluated by an outside psychologist, to be "free of such conditions that violates the U.S Constitution Eighth Amendment," that medical at DWCC improve in referring inmates to the doctor and improve on follow-ups, as well as compensatory damages for his physical, mental and emotional pain.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity; therefore his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Medical Care*

Plaintiff is an inmate in the custody of the LDOC. He complains that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they refused to send him to an outside doctor for further diagnostic testing and treatment for his back pain.

The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to establish an actionable violation of the Eighth Amendment, the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.

*Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff has made no such showing. By his own admission, he was examined by nurses after complaining of back pain, and later by two different doctors. He was provided medication for pain and inflamation and instructed to perform back strengthening exercises.

It is manifestly obvious that plaintiff simply disagrees with the treatment decisions of the health care professionals who are responsible for his care and treatment. Plaintiff admits that he has been examined by a staff nurses as well as two different physicians, Dr. Fuller and Dr. Hearn. Following examinations, both physicians concluded that plaintiff was suffering from generalized back pain, a common ailment. He has been prescribed medications to relieve pain and reduce inflammation.

Plaintiff disagrees with the conclusions and treatment options offered by these professionals; however, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference, since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985). Plaintiff has failed to establish that the defendants, or any one else, was indifferent to his condition. His complaint should be dismissed for failing to state

a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 10, 2018.

                                              **KAREN L. HAYES**
                                **UNITED STATES MAGISTRATE JUDGE**